FILED
2020 Aug-18  AM 09:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

BIRMINGHAM DIVISION

ANDREW PASEUR,
          Plaintiff,

-vs-

U
UNITED STATES OF AMERICA

                    Defendant,

Case No.

1:20-CV-1189-AMM-SGC

## CIVIL COMPLAINT WITH JURY DEMAND

## PURSUANT TO THE FEDERAL TORT CLAIMS ACT

## 28 U.S.C. §1346 (b)(1) AND 28 U.S.C. §2574

Comes Now the Plaintiff Andrew Paseur, ("Paseur") pro-se who hereby raises a claim of negligence against the Federal Bureau of Prisons ("FBOP") who while acting on behalf of the UNITED STATES Government, breached the duty of care mandated under 18 U.S.C. §4042 and the Alabama Medical Liability Act ("AMLA") §6-5-542 Standards of care provision.

The Plaintiff seeks $1,000,000.00 (One Million) U.S. Dollars in compensation damages due to the medical staff at FCI Talladega's failure due to provide adequate medical care, and the resulting permanent, lasting life changing injury.

### STATEMENT OF JURISDICTION

This Court has Jurisdiction to entertain this complaint pursuant to 28 U.S.C. §1346(b)(1), which states in relevant part, that:.."the District Courts.....shall have exclusive jurisdiction of civil actions on claims against the United States, for money

damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment". See Also; <u>United States v. Muniz</u>, 374 U.S. 150 (1963) (Confirming that the FTCA permits Federal Prisoner's to sue the United States for injuries sustained while incarcerated.)

TABLE OF CONTENTS

Sections                                    Page #

STATEMENT OF JURISDICTION...............

STATEMENT OF RELEVANT FACTS...............

EXHAUSTION OF ADMINISTRATIVE REMEDY.....

TIMELINESS OF THE COMPLAINT.....

THE COMPLAINT...............

    i. MEDICAL STAFF AT FCI TALLADEGA BREACHED THEIR
       DUTY OF CARE BY FAILING TO DILIGENTLY AND ADEQUATELY
       PROVIDE PROPER MEDICAL TREATMENT WHICH RESULTED
       IN SUBSTANTIAL INJURY, PAIN, AND HUMILIATION

    ii.PASEUR'S CLAIM IS FACIALLY OUTSIDE THE
       DISCRETIONARY FUNCTION EXCEPTION.....

IN CONCLUSION WITH RELIEF REQUESTED.........

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
BIRMINGHAM DIVISION

ANDREW PASEUR
       Plaintiff,

-vs-                        Case No:_____

UNITED STATES OF AMERICA
          Defendant(s)

### PLAINTIFF'S REQUEST FOR A COURT ORDER REQUIRING EXPERT TESTIMONY ON MATTERS RELEVANT TO PASEUR'S INJURIES, AND TREATMENT

Comes Now the Plaintiff Andrew Paseur ("Paseur") pro-se, hereby requesting that this honorable court enter an Order Requiring Expert Testimony on matters relevant to Paseur's initial injuries and treatment. In support thereof, Paseur provides the following;

On even date herewith, Paseur filed a civil complaint with jury demand pursuant to the Federal Tort Claims Act of 28 U.S.C. §1346(b)(1), arguing that the FBOP while acting on behalf of the UNITED STATES Government breached care mandated under 18 U.S.C. §4042, and the Alabama Medical Liability Act ("AMLA"), §6-5-542, Standard of medical care provision. Id.

A plaintiff in a medical malpractice action must also present expert testimony establishing a casual connection between the defendant's acts or omissions in constituting the alleged breach and the injury suffered by the plaintiff. Cobb v. Fisher,

20 So.2d 1253 (Ala. 2009); See Also Pruit v. Zeiger, 590 So. 2d 236 (Ala. 1991) ("Failure to provide expert testimony results in a lack of proof essential to the medical malpractice action under Alabama law").

Acknowledging this burden as well as Paseur's pro-se prisoner status, it would seem just and proper that the court enter an Order requiring an expert physician to provide affidavits on matters relevant to Paseur's initial injuries, and treatment.

Specifically, Paseur's request that this honorable court enter an Order requiring a physician to provide an affidavit stating his or her expert opinions on: (1) Whether it was reasonable for 'MLP' Mourtada to not honor the plaintiff's lower bunk profile which he was entitled to per chronic care patient; (2) Whether it was reasonable for 'MLP' Mourtada not to consult with one of the two doctors that were on duty at the time before denying Paseur's low bunk profile which was instituted by another facility; (3) What is the relevant standard of care in a case such as this; (4)Would honoring Plaintiff's low bunk profile prevented him from sustaining serious bodily injury.

STATEMENT OF RELEVANT FACTS:

1. Inmate Paseur is currently incarcerated at the Federal Correctional Institution Talladega, in Talladega Alabama ("FCI Talladega"), where he is serving 91 months for possession of Methemphetamine. All instances described herein took place at FCI Talladega.

2.

2. On June 10, 2019, at approximately 4:30 A.M., Paseur fell from a top bunk in his sleep which he was negligently assigned to. Paseur's head bounced off the steel table then hitting the concrete floor resulting in serious life changing injuries. Mr. Paseur has suffered from a broken orbital socket, broken nose, broken upper pallet, plus 11 (eleven) teeth removed, and blood on the brain, tubes draining from his head for 7 days, having to undergo an 8 hour reconstructive surgery peeling back his face. (See: Administrative Tort Claim attached hereto in Support as Exhibit-A).

3. It should also be noted that in addition to medical staff's negligence, Paseur had also suffered an additional two hours receiving no medical treatment from about 4:30 A.M. till 6:30 A.M.,because the Officer who was on duty this time failed to conduct his every 15 minute rounds.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Paseur filed numerous request forms with the medical staff here at FCI Talladega, and on Oct. 23, 2019, he filed an Administrative Tort Claim with the FBOP Southeast Regional Office. However as of todays date, there has been no response with the 180 days allotted deadline time for responding to Federal Tort Claims. (See: Paseur's Administrative Tort Claim, Attached Exhibit B).

5. This is all that was necessary to satisfy the exhaustion requirement for federal tort claims. See Burchfeid v. United States, 168 F.3d 1252 (11th Cir. 1999).

3.

**TIMELINESS OF THE COMPLAINT**

6. The time limit for filing a federal tort claim is governed by the law in the state where the injury occurred. In Alabama the time limit for filing a claim of negligence is two years from the date the injury complained of occurred, which in this case was June 10, 2019, when Paseur fell from his assigned top bunk while asleep causing serious life changing injuries, Officer K. Wells was on duty the morning when the injury took place but failed to conduct his every 15-to-20 minute security rounds, which was negligence, causing Paseur to suffer in pain and humiliation for 2 hours from 4:30 a.m. thru 6:30 a.m., also medical staff at FCI Talladega was negligent when they failed to provide Paseur with his low bunk profile which is part of his chronic care patient admittance from prior physician care.

7. Thus this complaint is timely filed within the two years of June 10, 2019.

**THE COMPLAINT**

    i. Medical Staff At FCI Talladega Breached Their Duty Of Care By Failing To Properly and Diligently Provide Adequate Medical Treatment Which Resulted In Substantial Injury Pain and Humiliation.

8. The Plaintiff seeks $1,000,000.00 (One Million) U.S. Dollars in damages for the FBOP's breach in the duty of care mandated under 18 U.S.C. §4042, and the Alabama Medical Liability Act (AMLA), §6-5-542, Standard of care provision.

4.

9. Specifically, Paseur argues that the FBOP Medical Staff was negligent, and acted with deliberate indifference on 12-28-2018, through June 10, 2019, for: (1) Failing to provide Paseur with a Medical Duty Pass for lower bunk consistent with his chronic care that was issued from Morgan County as a result of a 31 foot fall from a tree, and motorcycle accident which resulted in two broken ankles.;(2) For FBOP's staff failure to provide immediate medical treatment when Paseur's injuries occurred, Officer K. Wells failed to conduct his security round every 15-to-20 minutes from 4:30 A.M. thru 6:30 A.M. in the early morning of June 10, 2019, causing Paseur to endure unnecessary pain and suffering and humiliation, while his cellmate Tim Thornton Reg. No. 24142-045 relentlessly banged and kicked on the cell's steel door for nearly two hours trying to get Paseur some medical help. SEE: Declaration Attached Hereto in Support Exhibit C.

The physical and emotional injury that Paseur has suffered due to this negligence cannot be adequately measured with words alone.

10. The FBOP has breached the duty of care delegated to it by 18 U.S.C. §4042, which requires it to provide for the safekeeping, care, and protection of all persons charged with or convicted of offense against the United States. Id.

11. The duty of care owed by the FBOP to federal prisoners "requires the exercise of ordinary diligence to keep prisoners safe and free form harm". United States v. Muniz, 374 U.S. 150 (1963).

5.

12. The Court looks to the States Law for the elements of a negligence claim. See 28 U.S.C. §1346(b); See also Lewis v. United States, 2013 U.S. Dist. LEXIS 113678 (N.D. Ala. 2013).

13. The Alabama Medical Liability Act (AMLA) §6-5-542 governs the claim of negligence raised herein. Under this Standard of Care Provision, the: "Legal duty imposed upon a physician is to exercise the degree of reasonable care, diligence, and skills that reasonably competent physicians of the medical community would ordinarily exercise when acting in the same or similar circumstances". See Barton v. American Red Cross, 829 F. SUPP. 1455 (M.D. Ala. 1992).

14. Paseur asserts that the FBOP has breached it's duty of care under this provision by failing to properly and diligently go over the Plaintiff's medical records to determine whether or not Plaintiff's chronic care medical duty pass for a lowered bunk was not only up to date, but, and ensure the medical duty pass for low bunk was reinstated to safeguard Paseur from just such an accident. This negligence has cause Paseur significant physical and psychological injury that will last a life time.

## ii. Paseur's Claim Is Facially Outside The Discretionary Function Exception.

15. The discretionary function exception to the federal tort claim act provides in pertinent part that the Act shall not apply to claims "based upon the exercise or performance of a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused". 28 U.S.C. §2680 (a).

6.

16. The Eleventh Circuit has articulated a two step analysis to determine whether the United States is immune from liability under the discretionary function exception. First, the Court must consider: "Whether the federal employee's conduct involves an element of judgment or choice, which will be the case unless a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard." Second, Courts should determine "Whether judgment or choice is grounded in considerations of public policy, an inquiry that focuses not on whether the agent actually weighed policy analysis. In short, if a federal employee's choice is not prohibited by a federal statute, regulation, or policy, and is grounded in considerations of public policy, that policy choice is excluded from the FTCA's Limited Waiver of Sovereign Immunity because it constitutes a discretionary function." Ngyuen v. United States, 556 F.3d 1244 (11th Cir.2009).

17. In the instant case, Paseur claims of negligence falls outside the discretionary function exception because the FBOP had a duty of care under 18 U.S.C. §4042, and the AMLA §6-5-542, to diligently provide the degree of reasonable care and skill that reasonably competent physicians of the Medical Community would ordinarily exercise when acting in the same or similar circumstances. Id.

18. As the Plaintiff has argued throughout this complaint, the FBOP has breached it's duty of care under both of these provisions by failing to properly and diligently provide adequate medical treatment, by failing to consult Plaintiff's

7.

medical records after informing MLP Mourtada that he has a Medical Duty Pass for chronic care for low bunk, Mourtada merely laughed and told Plaintiff, "we don't do that here". MLP Mourtada refused to reinstate Paseur's low bunk profile resulting in substantial injury, pain, and humiliation. Id.

19. Paseur has also requested by Motion filed with this complaint, that considering his pro se prisoner status and the burden of proof for Alabama Medical Malpractice claims, which requires the Plaintiff to provide expert testimony, that the court enter an Order requiring a expert physician to file affidavit or answer interrogatories stating his or her expert opinions on: (1) Whether it was reasonable for MLP Mourtada 'not' to consult with Paseur's medical records to ascertain the reasons why he had a low bunk chronic care Medical Duty Pass, rather than just dismissing it as something frivolous; (2) Whether it was reasonable for medical staff 'not' to consult with one of the two doctors that were on duty at the time before denying Plaintiff's low bunk profile which was instituted by another facility; (3) Would honoring Plaintiff's low bunk profile prevented him from sustaining serious bodily harm; (4) What is the relevant standard of care in a case such as this?

20. There is a very well established legal principle under federal law that clearly condemns such acts of "deliberate indifference and substantial delays" to the administration of "proper" medical care that should meet an acceptable standard of treatment and care in terms of "modern medicine and technology" as well as, modern beliefs about human decency. Winston Churchill

8.

once said "the true measure of a Nation is in how it treats it's prisoners."

21. The Plaintiff argues that the medical staff here at FCI Talladega was negligent in denying him a continuation, or reinstatement of his lower bunk profile which was issued from another facility as a part of his chronic care treatment. See; Estelle v. Gamble, 429 U.S. 97 (1976), this case clearly set the bar for such a standard of medicines meeting the level of modern medicine and technology as being the standard for all prisoners' who being held in custody, and any such inferior level of care are clear and obvious violations of the Eight Amendment protections of the United States Constitution.

22. This on-going of negligence and denial of "modern treatment" has substantially changed the Plaintiff's quality of life, also See: Farmer v. Brennan, 511 U.S. 825, 835 (1994).

### In Conclusion With Relief Requested

**WHEREFORE**, Plaintiff Andrew Paseur, pro se, respectfully Demands damages in the sum certain $1,000,000.00 (One Million) U.S. Dollars or that trial be conducted.

### DECLARATION

I **HEREBY DECLARE** under penalty of perjury pursuant to and in accord with **28 U.S.C. §1746** that the foregoing is true, the aforementioned facts are true and correct. That I have places this complaint in the prison mail room staff's hands with the proper postage affixed, on this 12 day of _____ in the year of our Lord 2020 A.D.

Respectfully,
/s/ Andrew Paseur
Andrew Paseur, pro se
Reg. No. 35720-001

9.