# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ANDREW PASEUR,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:20-cv-1189-AMM-SGC |
| **UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on August 10, 2021, recommending all the claims asserted by *pro se* plaintiff Andrew Paseur be denied and/or dismissed. Doc. 29. Specifically, the magistrate judge recommended Mr. Paseur's: (1) Eighth Amendment and Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, negligence claims be dismissed for lack of subject matter jurisdiction; (2) FTCA medical malpractice claim be dismissed with prejudice; and (3) other requests be denied. Doc. 29 at 17. Mr. Paseur filed objections only to the recommendation about his FTCA claims for negligence and medical malpractice. Doc. 31 at 1-4 (citing Doc. 29 at 12-15). As explained below, Mr. Paseur's objections are **OVERRULED**.

In his first objection, Mr. Paseur contends the discretionary function exception to the government's waiver of sovereign immunity under the FTCA does not apply to his claim of negligent failure to assign him to a lower bunk. Doc. 31 at 1-2. To

the extent his claim relies on the general duty of care imposed on the Bureau of Prisons ("BOP") by 18 U.S.C. § 4042, BOP retains discretion under that statute. *See Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998) (Section 4202 allows BOP to "retain[] sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception"). Mr. Paseur's objections do not address this or the other authority cited in the report and recommendation. Doc. 29 at 11-12; *accord Edwards v. United States*, 660 F. App'x 799, 802 (11th Cir. 2016) ("BOP retains discretion over how bed space is assigned among inmates in its facilities"); *Wilson v. United States*, No. 13-083, 2014 WL 1379963 at * 3 (S.D. Ga. April 8, 2014) (bunk assignment "is the type of action for which the BOP has wide discretion").

Mr. Paseur's remaining objections concern his medical malpractice claim under the Alabama Medical Liability Act ("AMLA"). Under the AMLA, a plaintiff must prove that a doctor's deviation from the appropriate standard of care proximately caused his injuries. *Hauseman v. Univ. of Ala. Health Servs. Found.*, 793 So. 2d 730, 734 (Ala. 2000). Mr. Paseur's objections concerning his AMLA claim address his allegations about the appropriate standard of care and the deviation from that standard. Doc. 31 at 2-4. However, Mr. Paseur's objections do not address the conclusion that he failed to show a causal connection between the denial of a lower bunk assignment and the fall that caused his injuries. Doc. 29 at 15.

Obviously, Mr. Paseur wouldn't have fallen from the top bunk if he had been assigned to a bottom bunk. But this simple "cause and effect relationship between a particular act and an injury is not sufficient to impose liability upon a tortfeasor." *Gen. Motors Corp. v. Edwards*, 482 So. 2d 1176, 1193-94 (Ala. 1985), overruled on other grounds, *Schwartz v. Volvo N. Am. Corp.*, 554 So. 2d 927 (Ala. 1989). Rather, to show proximate cause, a plaintiff must show an injury could reasonably have been foreseen. *Gen. Motors Corp.*, 482 So. 2d at 1194.

During the prison intake screening at which Mr. Paseur contends he should have been assigned to a lower bunk, he informed medical staff of ongoing ankle pain from fractures sustained in a motorcycle accident approximately eighteen months prior. Doc. 25 at 10. But Mr. Paseur has not objected to or rebutted the magistrate judge's conclusion that he fell out of bed while asleep, not due to ankle problems. Doc. 29 at 6, 15; *see Thompson v. Patton*, 6 So. 3d 1129, 1135 (Ala. 2008) ("Under Alabama law, evidence showing only a probability of a possibility is not sufficient to establish proximate causation in a negligence action alleging medical malpractice."). Accordingly, Mr. Paseur failed to show a genuine issue of material fact regarding proximate causation.

For the foregoing reasons, Mr. Paseur's objections are **OVERRULED**. Doc. 31. Having carefully reviewed and considered *de novo* all the materials in the court file, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** her

recommendation. Accordingly: (1) Mr. Paseur's negligence and Eighth Amendment claims are dismissed for lack of subject matter jurisdiction: (2) Mr. Paseur's medical malpractice claim is denied and dismissed with prejudice; and (3) Mr. Paseur's other requests are denied.

    **DONE** and **ORDERED** this 27th day of September, 2021.

                                                  _____
                                                  **ANNA M. MANASCO**
                                                  UNITED STATES DISTRICT JUDGE